[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED DECISION
Plaintiff has moved the Court to reconsider its decision of March 16, 1994 in light of Kachanis v. United States of America,et al, 844 F. Supp. 877 (D.R.I. 1994), a case submitted for the court's consideration while the motion for summary judgment was pending but not received prior to the court's decision thereon. Plaintiff's motion will be treated by this court as a motion to amend judgment pursuant to R.C.P. 59(e).
This Court's original decision denied Plaintiff's motion for summary judgment, holding that Defendant RIPTA, as a self-insured, should not be treated as an insurer under Rhode Island General Laws 1956 (1990 Reenactment) Sec. 27-34-5, which provides that "covered claim" shall not include any amount due any insurer.
After reviewing and considering Kachanis, as well as memoranda of counsel and oral arguments, the court amends its March 16, 1994 decision only for the purpose of referencing the matters considered on this motion. (See Exhibit A) Accordingly, the March 16, 1994 decision is incorporated herein with the following language to be inserted after the first full paragraph on page 7 of that decision:
 Plaintiff further argues that this court should find that RIPTA is an insurer in light of Kachanis v. United States of America, et al, 844 F. Supp. 877 (D.R.I. 1994), in which the United States was held to be an insurer in the context of the Federal Employees Compensation Act, and therefore barred from asserting its statutory subrogation rights against the Rhode Island Insurers' Insolvency Fund.
 In Kachanis, the plaintiff was an employee of the Internal Revenue Service who was injured in a motor vehicle accident in the course of his employment and collected workers' compensation benefits. As the other driver's insurance company became insolvent, the federal government filed a lien on any proceeds Kachanis might receive from the Insolvency Fund in order to perfect its subrogation rights.
 The Kachanis court found that "the United States is an insurer in the context of FECA payments." Id. at 889. (Emphasis added.) In arriving at that conclusion, that court used the three-part test found in Union Labor Life Insurance Co. v. Pireno, 458 U.S. 119, 129 (1982). Said test lists the following criteria to be considered in determining status: "(1) whether the practice has the effect of transferring or spreading a policyholder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance business." Id.
 RIPTA, unlike the United States in Kachanis,
does not satisfy the Pireno test as an entity within the insurance industry. There is no transferring of the risk since RIPTA is solely responsible for satisfying any judgments against it; there is no contractual relationship between insurer and insured; and RIPTA is not engaged in a practice limited to entities within the insurance business.
 Moreover, the Kachanis court specifically distinguished that case from another case in which the Insolvency Fund's obligation stemmed from a court ordered judgment. Kachanis, 844 F. Supp. at 888. The same distinction can be made in the instant case: Where the United States in Kachanis
was asserting subrogation rights stemming from a statutory lien, RIPTA is asserting subrogation rights resulting from a court ordered judgment.
 Additionally, Plaintiff argues that RIPTA is not a "claimant" as defined in the Rhode Island Insurers' Insolvency Fund Act and therefore does not come within the purpose of the Act "to provide a mechanism for the payment of covered claims . . . and to avoid financial loss to claimants. . ." However, this court notes that Section 27-34-5(3) defines claimant as ". . . any person instituting a liability claim. . ." Since RIPTA is a person under the statute and did institute a claim for liability coverage against the insurance policy of the Cretellas (See Joint Statement of Agreed Facts #6), it is a claimant as defined in Regulation 73 of the R.I. D.B.R.'s Insurance Division. C.R.I.R. 02-030-073-3.
Counsel shall prepare an appropriate final amended judgment reflecting the court's original rulings and noting its refusal to amend same on reconsideration of the matter.